UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBONY GOULD, CURTAYASIA TAYLOR, SHAVONA WARMINGTON, SHALONDA CURTIS-HACKETT, CHRISTOPHER HACKETT, MARIANNA AZAR, MATHEW ENG, JANE DOE 1, and JANE DOE 2, individually and on behalf of a class of all others similarly situated,<br><br>     Plaintiffs,<br><br> -against-<br><br>THE CITY OF NEW YORK,<br><br>     Defendant. | Civil Action No. ___ |

**PLAINTIFF JANE DOE 1'S MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO PROCEED ANONYMOUSLY**

Plaintiff Jane Doe 1, by and through her undersigned attorneys, submits this memorandum of law in support of her application for leave to proceed under a pseudonym while litigating this case.

**PRELIMINARY STATEMENT**

Plaintiff Jane Doe 1, along with eight other named plaintiffs and on behalf of all those similarly situated, brings this action against the City of New York to challenge the New York City's Administration for Children's Services' ("ACS") unconstitutional practice of using coercive tactics to illegally search families' homes while investigating allegations of child abuse or neglect. This case will thus center around an issue of the utmost private and personal sensitivity—accusations of child maltreatment by a parent or guardian.  For Ms. Doe 1, this case also necessarily involves her past experience as a victim of intimate partner violence because it is her abusive ex-partner who made the false and malicious reports that catalyzed ACS's investigation into her family.  Ms. Doe 1's abuser has a long (and recent) history of harassing Ms. Doe 1 by making false reports of child maltreatment, along with numerous other forms of harassment, including interfering with her SNAP benefits, falsely reporting that she is running an illegal day care, repeatedly calling Ms. Doe 1's son's therapist and leaving aggressive voicemails, and harassing staff at her son's school.  Ms. Doe 1's real and immediate fear that publicizing her identity in connection with this lawsuit will trigger further harassment by her ex-partner, coupled with the stigma both she and her young son face as a result of the public disclosure of her identity, counsel strongly in favor of allowing Ms. Doe 1 to proceed anonymously.  Ms. Doe 1 will provide her identity to Defendant and the Court under an appropriate protective order; she seeks only to proceed anonymously in public court documents.  Given the lack of prejudice to Defendant, this Court should grant Ms. Doe 1's motion.

**FACTUAL BACKGROUND**

For the sake of brevity, Ms. Doe 1 will not repeat the facts set forth in her Complaint in this matter; rather, she provides the following facts relevant to this application, and respectfully directs the Court to her accompanying Complaint for a full recitation of her claims.

On multiple occasions in 2021 and 2022, without a court order and in the absence of any emergency, ACS used coercive tactics—including threatening to come back with law enforcement and implying the searches were required by law—to enter and search Ms. Doe 1's home during the course of an investigation into allegations of child maltreatment. During these searches, ACS searched every room of Ms. Doe 1's home and strip-searched her young son numerous times. ACS's invasive investigations into Ms. Doe 1's family were all triggered by one person: Ms. Doe 1's abusive ex-partner who made malicious reports falsely alleging child maltreatment. Ms. Doe 1 and her son remain traumatized by ACS's invasive searches. ACS determined all the allegations against Ms. Doe 1 were unfounded.

Ms. Doe 1 has never spoken publicly about her treatment by ACS on any social media or press platforms. She has filed this lawsuit using a pseudonym.

**ARGUMENT**

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires a complaint to "name all the parties," courts have "nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). In determining whether to grant a plaintiff such relief, this Court must "balance [the] plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants . . . ." *Id.* at 186. This is a "factor-driven balancing inquiry

2

[that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190. The Second Circuit has "note[d] with approval" a list of ten non-exhaustive factors that should be considered in determining whether to permit a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (internal quotation marks, citations, brackets, and ellipses removed).

Here, the balance of the factors weighs in Plaintiff Jane Doe 1's favor. This Court should grant her request to proceed anonymously during this litigation.

**I.    This Litigation Involves Matters of a Highly Sensitive and Personal Nature.**

Factor one weighs in favor of anonymity because accusations of child maltreatment and experiences of intimate partner violence are private, personal issues of exceptional sensitivity. Courts have long recognized the "private realm of family life," *Moore v. City of E. Cleveland, Oh.*, 431 U.S. 494, 499 (1977) (collecting cases), especially as it relates to the care of children, *see*

3

*Troxel v. Granville*, 530 U.S. 57, 66–67 (2000) (collecting cases); *see also Smith v. Org. of Foster Fams. For Equal and Reform*, 431 U.S. 816, 833 (1977) ("Foster care of children is a sensitive and emotion-laden subject."). More specifically, "facts supporting [] findings of abuse, neglect, and abandonment are highly sensitive." *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (concluding first factor weighed in favor of allowing plaintiffs who had been victims of abuse, neglect, or abandonment to proceed anonymously); *see also Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) ("Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature." (citation omitted)). Ms. Doe 1's claims reveal that she has been repeatedly investigated for child maltreatment. This risks publicly "branding her as a child abuser," which, as the Second Circuit has recognized, "certainly calls into question her good name, reputation, honor, or integrity." *Valmonte v. Bane*, 18 F.3d 992, 1000 (2d Cir. 1994) (quotation marks omitted).

Courts have also found that experiences of intimate partner violence are highly sensitive and personal. *See, e.g.*, *Doe v. Elson S Floyd Coll. of Med. at Wash. State Univ.*, No. 2:20-cv-00145-SMJ, 2021 WL 4197366, at *2 (E.D. Wash. Mar. 24, 2021) (finding anonymity would "serve to preserve Plaintiff's privacy given the highly sensitive and personal nature of her experiences at issue," where plaintiff was a survivor of domestic violence); *Doe v. Strategic P'Ships, Inc.*, No. 1:19-cv-695-RP, 2019 WL 13253839, at *1-*3 (W.D. Tex. July 30, 2019) (allowing pseudonym where "complaint contains facts related to [plaintiff's] status as a survivor of intimate partner violence and details her ex-partner's pattern of stalking and harassment"); *see also S.C. v. Lansing Unified Sch. Dist. #469*, No. 18-2228-DDC-JPO, 2019 WL 1317503 (D. Kan. Mar. 22, 2019) ("[C]omplaints involving abuse or harassment of minors may be highly sensitive

4

and personal in nature."). Because Ms. Doe 1's abusive ex-partner made the complaints to ACS as part of his years-long campaign of emotional and physical abuse, disclosure of her identity during the litigation will necessarily reveal her experience with intimate partner violence, which to date is not known to the public. Indeed, whenever she has spoken publicly about her experience with intimate partner violence, she has used a pseudonym.

In short, the highly personal nature of (1) Ms. Doe 1's claims related to investigations of child maltreatment and (2) her history of domestic abuse accompanying those claims weigh strongly in favor of anonymity.

## II.  Disclosure Risks Retaliatory Harassment and Abuse Against Plaintiff Jane Doe 1 and Her Son.

The second factor weighs heavily in favor of Ms. Doe 1's anonymity because she has a reasonable fear of retaliatory harassment and abuse by her abusive ex-partner if her identity is publicly disclosed. To warrant anonymity, "[t]he risk of injury may be physical or psychological." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). And "courts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case." *Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). Where, as here, a plaintiff "fears harm from her former abuser," that is "cognizable as a basis for proceeding anonymously." *Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2019 WL 1437520, at *5 (S.D.N.Y. Mar. 31, 2019), *vacated on other grounds by Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2020 WL 11027792 (S.D.N.Y. Dec. 16, 2020); *see also id.* ("[T]his court considers harm to victims of domestic violence as the relevant type of harm that the second factor seeks to address."); *E.A. v. Brann*, 1:18-cv-07603-CM, Doc. 13 at 7 (S.D.N.Y. Aug. 22, 2018) (noting that the risk of physical or mental retribution faced by a domestic violence victim may justify proceeding anonymously).

5

Public disclosure of Ms. Doe 1's name creates a serious risk of exposing her and her son to extensive, repeated harassment by her abusive ex-partner. Following repeated physical and emotional abuse during their relationship, Ms. Doe 1's now-former partner has continued to harass Ms. Doe 1 and her son through a variety of means, including: making repeated false and unsubstantiated reports of child maltreatment resulting in invasive ACS investigations, falsely reporting that Ms. Doe 1 was running an illegal daycare, harassing Ms. Doe 1's son's therapist as well as staff at her son's school, hacking into Ms. Doe 1's benefits account and submitting false financial information which resulted in the suspension of her SNAP benefits for several months, leaving negative comments about Ms. Doe 1 on her employer's social media, and continuously requesting wellness checks which caused the NYPD to repeatedly show up at Ms. Doe 1's home. Doe 1 Decl. at ¶¶ 5–11. This harassment has, understandably, been all-consuming and traumatic for Ms. Doe 1 and her young son. *See generally* Doe 1 Decl. Although the pace of his harassment has slowed considerably in the last six months, Ms. Doe 1 reasonably fears that her name being publicly associated with this lawsuit will motivate her abuser to reignite it. *Id.* at ¶¶ 14–16.

For the past several months, Ms. Doe 1 has been ignoring repeated text messages from her abuser; she can tell he is getting upset and fears that her being associated with this lawsuit will set him off. *See id.* at ¶¶ 15–16. She fears that for him, nothing is off the table—including further physical abuse. *See id.* at ¶ 16. Ms. Doe 1's reasonable fear of harassment counsels in favor of granting her leave to use a pseudonym. *See Doe v. Strategic P'Ships*, 2019 WL 13253839, at *1–*2 (granting anonymity in part because plaintiff feared psychological harm from "obsessive ex-partner").

6

### III. Requiring Disclosure Could Have a Chilling Effect on Future Litigants.

The third factor further supports Ms. Doe 1's use of a pseudonym because requiring public disclosure of her identity risks chilling future litigation by survivors of intimate partner violence. Where requiring a plaintiff to disclose her identity could have a chilling effect on similarly situated future litigants, courts regularly permit anonymity. *See, e.g.*, *Doe v. Colgate Univ.*, No. 15-cv-1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); *Doe v. St. Vincent's Servs., Inc.*, No. 20-cv-6215 (WFK) (RML), 2021 WL 7909266, at *3 (E.D.N.Y. Sept. 29, 2021) (recognizing that "[b]y requiring Plaintiff to disclose his HIV status, the Court risks chilling others who face discrimination based on their highly stigmatized characteristics from seeking judicial relief[,]" and allowing anonymity) (quotation marks omitted and alterations adopted). In *Does 1-2 v. Hochul*, this Court granted anonymity to a group of plaintiffs challenging New York's vaccine mandate because it "credit[ed]" their sworn declaration claiming that they would not pursue their claims if denied anonymity and that "a 'chilling effect' could result from Plaintiffs' being required to reveal their identities." No. 21-cv-5067 (AMD) (TAM), 2022 WL 836990, at *7 (E.D.N.Y. Mar. 18, 2022).

Like the plaintiffs in *Does 1-2*, Ms. Doe 1 would not pursue her claim if it meant publicizing her identity. Doe 1 Decl. at ¶ 17. But unlike the plaintiffs in *Does 1-2*, whom this Court granted anonymity even though they "ha[d] not established a risk of retaliatory harm," *Does 1-2*, 2022 WL 836990, at *7, exposure of Ms. Doe 1's identity poses the significant risk of retaliatory harassment from her ex-partner. As described above, Ms. Doe 1's ex-partner has a long (and recent) history of harassing Ms. Doe 1 in numerous ways, including making repeated false

7

reports of child maltreatment, resulting in invasive, harmful ACS investigations. The potential for continued harassment causes Ms. Doe 1 to fear for her own well-being as well as for the well-being of her son, who remains traumatized by ACS's prior investigations during which he was strip-searched multiple times. Requiring Ms. Doe 1 to publicize her identity in connection with this litigation risks chilling other survivors of intimate partner violence whose abusers continue to harass them from seeking judicial relief when their rights have been violated.

### IV. Plaintiff Jane Doe 1 and Her Son Are Particularly Vulnerable to the Harms of Disclosure.

The fourth factor favors anonymity because Ms. Doe 1's claims are inextricably intertwined with the identity of her son. Courts regularly anonymize the identities of parent-plaintiffs when doing so is necessary to prevent exposure of a minor child's identity. *See*, *e.g.*, *Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (anonymizing plaintiff to protect minor child's identity); *P.M. v. Evans-Brant Central Sch. Dist.*, No. 08-cv-168A, 2008 WL 4379490, at *3–*4 (W.D.N.Y. Sept. 22, 2008) (same). In this case, it is not possible to disclose Ms. Doe 1's identity and guarantee her son's anonymity because Ms. Doe 1's claims necessarily involve the harms to her son. And as described above, the effects of further harassment against Ms. Doe 1 would be highly traumatic for him. The risk of exposing her son's identity and subjecting him to the stigma associated with his mother being investigated multiple times for child maltreatment, together with the potential for retaliatory harassment, including further ACS investigations and suspension of his mother's SNAP benefits, heavily favor the use of a pseudonym. *See Doe 1 v. Starpoint Cent. Sch. Dist.*, No. 23-cv-207-LJV, 2023 WL 2752509, at *2–*4 (W.D.N.Y. Apr. 3, 2023) (*sua sponte* permitting plaintiff-parents to proceed anonymously in suit alleging school district disciplined students based on false allegations of misconduct and recognizing the "strong

8

privacy interest" "not only of the plaintiffs, but of the alleged victim or victims of that misconduct as well").

## V. The Suit Challenges Only Government Practice.

The fifth factor likewise supports Ms. Doe 1's anonymity because this case solely challenges governmental conduct: ACS's widespread custom and practice of using coercive tactics to conduct illegal home searches in violation of the Fourth Amendment. "[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). That is because "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [the plaintiff's] rights." *Id.* In addition, "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*; *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[W]hether the defendants are governmental entities is significant because a challenge to governmental policy ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual."). In this case, Ms. Doe 1 challenges ACS's unconstitutional home search practices and does not challenge any private actors. This further counsels in favor of anonymity.

## VI. Defendant Is Not Prejudiced by Plaintiff Jane Doe 1's Anonymity.

The sixth factor supports anonymity because Ms. Doe 1 is willing to disclose her identity to Defendant pursuant to an appropriate protective order shielding her identity from public disclosure. Where municipal defendants can access a plaintiff's identity for purposes of discovery, they cannot credibly claim any prejudice. *Plaintiffs #1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264,

9

277-78 (E.D.N.Y. 2015). Courts have thus repeatedly approved the use of pseudonyms where plaintiffs agree to (confidentially) provide their names to Defendants for discovery purposes. *See, e.g.*, *R.F.M.*, 365 F. Supp. 3d at 372; *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *Kolko*, 242 F.R.D. at 198; *Doe v. Smith*, 105 F. Supp. 2d 40, 44-45 (E.D.N.Y. 1999); *Doe v. Gooding*, 20-cv-06569 (PAC), 2022 WL 1104750, at *5 (S.D.N.Y. Apr. 13, 2022); *Doe on behalf of Doe No. 1 v. Nygard*, No. 20-cv-6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020).

That is the case here. Ms. Doe 1 is concerned about her name becoming known *to the public* such that her abusive ex-partner would learn of her involvement in this case; she has no problem identifying herself to the Court or the government for purposes of this litigation. She is ready and willing to provide her full name to Defendant and this Court under an appropriate protective order limiting disclosure of her identity to only parties to this litigation and their counsel, and she is prepared to participate in discovery. The only burden on Defendant is "the need to make redactions and take measures not to disclose [Ms. Doe 1's] identity"—a minimal imposition. *Kolko*, 242 F.R.D. at 198.

Moreover, to the extent Defendant can claim prejudice at all, that prejudice is mitigated by the fact that the identities of at least seven other named plaintiffs will be public.[1] *See Kolko*, 242 F.R.D. at 198 ("[S]ince there are two other plaintiffs in this Court alleging similar conduct who will be proceeding under their real names, defendants will have an unfettered opportunity to

---

[1] Plaintiff Jane Doe 2 has also moved to proceed anonymously. Mem. of Law in Supp. of Jane Doe 2's Mot. To Proceed Anon. However, Ms. Doe 2's request for anonymity is limited to the time during which ACS has an open investigation into her family. *Id.* at 1. After ACS's investigation into Ms. Doe 2's family closes—likely next month—Ms. Doe 2 will reveal her identity. *Id.* at 9. From that point forward, Ms. Doe 1 will be the only named plaintiff proceeding under a pseudonym.

present their defenses and to challenge the credibility of these accusers."); *Rural Cmty. Workers All. v. Smithfield Foods, Inc.*, 459 F. Supp. 3d 1228, 1228 n.1 (W.D. Mo. 2020) ("[T]he Court finds that requiring Plaintiff to reveal her identity would serve no important purpose, especially given that another named plaintiff appears in this case."). This factor supports permitting Ms. Doe 1 to use a pseudonym.

### VII. Plaintiff Jane Doe 1's Identity Is Not Already Public.

Given that Ms. Doe 1's identity is thus far confidential, factor seven cuts in her favor. She has filed this lawsuit using a pseudonym, and she has made no public statements (to the media or otherwise) regarding ACS's unconstitutional home search practices. To the contrary, Ms. Doe 1 is a private person who seeks to change the way ACS gains entry to families' homes without risking further harassment by her abusive ex-partner (and, as a result, further invasive ACS investigations).

### VIII. There Is No Public Interest in Disclosure of Plaintiff Jane Doe 1's Identity.

Factors eight and nine support anonymity. Because this is a putative class action, there is an "atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190 (quotation marks omitted); *see also EW*, 213 F.R.D. at 110 ("[I]n a class action context challenging governmental action, the individual defendant's personal characteristics (such as credibility) are generally not in issue." (citation omitted)). Indeed, any public interest in disclosure is especially weak here because Ms. Doe 1 is one of only two out of the nine named plaintiffs seeking to proceed anonymously and, once ACS's investigation into Plaintiff Jane Doe 2 closes (likely sometime next month, *see* Jane Doe 2 Mem. at 9), Ms. Doe 1 will be the only named plaintiff using a pseudonym.

11

Moreover, when "a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process." *Del Rio*, 241 F.R.D. at 158 (citation omitted). That is exactly the case here. Ms. Doe 1 challenges the constitutionality of a government practice, giving the public little interest in her identity beyond the general "presumption in favor of open proceedings." *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 35 (D.D.C. 2017) (citation omitted). Without more, "[i]f there is no public interest in disclosure of certain information, something, even a modest privacy interest, outweighs nothing every time." *Horowitz v. Peace Corps.*, 428 F.3d 271, 278 (D.C. Cir. 2005) (quotation marks omitted).

The privacy interest at stake for Ms. Doe 1 is vital. She seeks to maintain anonymity to avoid harassment from her abusive ex-partner—harassment that affects her physical and mental well-being, her home, her finances, her employment, and her son. This essential privacy interest greatly outweighs any (at most) minimal public interest in the specifics of her claims.

### IX. There is No Alternative Mechanism for Maintaining Plaintiff Jane Doe 1's Anonymity.

The tenth and final factor also counsels in favor of permitting Ms. Doe 1 to proceed using a pseudonym. If Ms. Doe 1 is required to use her actual name in this lawsuit, there is no doubt she would be immediately publicly identified in the press and on the Internet. In an increasingly technological world, "when a plaintiff files a suit using her real name, that plaintiff's identity and her claim can swiftly be revealed to millions of people." Jayne S. Ressler, *#worstplaintiffever: Popular Public Shaming and Pseudonymous Plaintiffs*, 84 Tenn. L. Rev. 779, 802–03 (2017). To protect Ms. Doe 1 and her son from further harms by her abuser, the need for anonymity from the

12

outset is paramount. Because the primary risk of disclosure—retaliatory harassment by Ms. Doe 1's abusive ex-partner—is triggered by her *name* becoming public, this factor supports anonymity.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiff Jane Doe 1's motion to proceed anonymously.

Dated:      New York, New York
            February 20, 2024

FAMILY JUSTICE LAW CENTER OF THE
URBAN JUSTICE CENTER

*/s/ David Shalleck-Klein*
David Shalleck-Klein
(dshalleckklein@urbanjustice.org)
Eliza J. McDuffie (emcduffie@urbanjustice.org)
40 Rector Street, 9th Floor
New York, New York 10006
Telephone: (646) 602-5600

Anna Arons (aronsa@stjohns.edu), Of Counsel,
*pro hac vice forthcoming*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

Audra J. Soloway (asoloway@paulweiss.com)
Erin J. Morgan (ejmorgan@paulweiss.com)
Daniel A. Negless (dnegless@paulweiss.com)
Sera Idoko (sidoko@paulweiss.com), *pro hac vice forthcoming*
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

Katherine Rosenfeld (krosenfeld@ecbawm.com)
Max Selver (mselver@ecbawm.com)
600 Fifth Avenue, 10th Floor
New York, New York 10020
Telephone: (212) 763-5000

NYU SCHOOL OF LAW FAMILY DEFENSE
CLINIC / WASHINGTON SQUARE LEGAL
SERVICES, INC.

Christine Gottlieb
(gottlieb@mercury.law.nyu.edu), *pro hac vice forthcoming*
245 Sullivan Street, 5th Floor
New York, New York 10012
Telephone: (212) 998-6693

*Attorneys for Plaintiffs*

13