UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EBONY GOULD, CURTAYSIA TAYLOR,
SHAVONA WARMINGTON, SHALONDA
CURTIS-HACKETT, CHRISTOPHER
HACKETT, MARIANNA AZAR, MATHEW
ENG, JANE DOE 1, AND JANE DOE 2,    **MEMORANDUM AND ORDER**
individually and on behalf of a class of all    24-CV-1263 (RPK) (JRC)
others similarly situated,

                Plaintiffs,

    v.

THE CITY OF NEW YORK,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Plaintiffs in this putative class action bring claims under 42 U.S.C. § 1983 against the City of New York, alleging that the New York City Administration for Children Services violated their Fourth Amendment rights by conducting unreasonable searches of their homes and failing to adequately train and supervise caseworkers. Non-party Carolette Meadows now moves to intervene as a plaintiff or for joinder. *See* Mot. to Intervene (Dkt. #23). For the reasons set forth below, Meadows's motion is denied.

## BACKGROUND

### I. Factual Allegations

    The following facts are drawn from the complaint and assumed to be true for the purposes of this order.

    The New York City Administration for Children Services ("ACS") is responsible for investigating and prosecuting allegations of child neglect and abuse in New York City. Compl. ¶ 34 (Dkt #1). When ACS receives reports of alleged child maltreatment, ACS caseworkers must

1

investigate the home environment within 24 to 48 hours. *Id.* ¶¶ 42–43, 52. ACS can perform home searches by obtaining a court order, acting on exigent circumstances requiring immediate action, or obtaining voluntary consent from parents. *Id.* ¶ 12.

Plaintiffs are parents who filed this putative class action in February 2024 on behalf of themselves and similarly situated parents or legal guardians subjected to ACS's home searches. *Id.* ¶¶ 26–33, 216. Plaintiffs allege that ACS caseworkers violated their rights under the Fourth Amendment by performing warrantless and non-exigent home searches. *Id.* ¶ 19. Plaintiffs also claim that ACS failed to adequately train and supervise their caseworkers on plaintiffs' constitutional right to decline unreasonable searches. *Id.* ¶¶ 232–34. Plaintiffs allege ACS repeatedly used coercive tactics to search their homes, such as threatening to take plaintiffs' children away; threatening to call the police if plaintiffs refuse searches; stating searches were "required" and plaintiffs could not deny entry to caseworkers; abusing and misrepresenting ACS's authority; failing to inform plaintiffs of their rights to refuse searches; and making public scenes to gain entry. *Id.* ¶ 73. Plaintiffs allege these tactics made "parents feel like they ha[d] no choice but to allow caseworkers to enter and search their homes." *Id.* ¶ 7. Once inside plaintiffs' homes, ACS caseworkers allegedly subjected plaintiffs to "invasive investigations" by searching all rooms and possessions and strip-searching their children. *Id.* ¶¶ 39, 129. After ACS concluded these home searches, plaintiffs' "children were never removed, no court case was ever filed [against them], and the investigations were ultimately unfounded." *Id.* ¶¶ 130, 140, 149, 166, 175. Plaintiffs seek equitable and injunctive relief, compensatory damages, and attorney's fees. *See id.* ¶ 236.

## II.   Motion to Intervene or for Joinder

Non-party Carolette Meadows moves, *pro se*, to intervene in this action as a plaintiff pursuant Federal Rule of Civil Procedure 24. *See* Mot. to Intervene 6. In the alternative, Meadows

2

seeks to "join" the claims in this action with those asserted in a different action Meadows brought in the Western District of New York. *See id.* at 5–6.

In the Western District action, Meadows asserts claims against the Erie County Department of Social Services ("ECDSS"), the New York State Office of Child and Family Services, a state family court judge, and various local government officials and other individuals. *See generally* Compl., *Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920 (W.D.N.Y. Sept. 1, 2023), ECF No. 1 (hereinafter "*Meadows* Compl."); Am. Compl., *Meadows*, No. 23-CV-920 (W.D.N.Y. June 14, 2024), ECF No. 8 (hereinafter "*Meadows* Am. Compl.").* Meadows alleges that ECDSS engaged in malicious prosecution and violated her due process rights based in part on the removal of her daughter in Erie County, New York. Specifically, Meadows alleges that following several physical altercations between Meadows and her daughter, ECDSS improperly seized her daughter without a court order, and Meadows was charged with child abuse and found guilty of neglect. *Meadows* Am. Compl. 3–4. Meadows alleges that on other occasions, ECDSS "harass[ed], annoy[ed], alarm[ed], and maliciously prosecute[d]" her. *Id.* at 4. Meadows claims that throughout these encounters and others, government officials "did deny her fair and equal access to the courts, did conduct themselves in a continuing pattern of retaliation and discrimination based on her race and free speech rights, did perform deliberate acts to deny her life/liberty pursuit of happiness, did deny her due process under laws, [and] did maliciously prosecute her." *Id.* at 6. Meadows also refers in passing to the Fourth Amendment, though she does not describe the basis for any Fourth Amendment claim. *See Meadows* Compl. 1; *Meadows* Am. Compl. 5–6.

---

* In light of Meadows's *pro se* status, I consider both her initial and amended complaints.

Plaintiffs and defendant both oppose Meadows's motion to intervene or for joinder. *See* Pls.' Mem. of L. in Opp'n to Mot. to Intervene (Dkt. #36); Def.'s Ltr. in Opp'n to Mot. to Intervene (Dkt. #37).

## DISCUSSION

Meadows's motion to intervene or for joinder is denied.

### I. Meadows's Motion to Intervene Is Denied.

Meadows fails to satisfy the requirements for both intervention as of right under Federal Rule of Civil Procedure 24(a) and permissive intervention under Federal Rule of Civil Procedure 24(b). Accordingly, Meadows's motion to intervene in this action is denied.

#### A. Intervention as of Right

Under Rule 24(a)(2), a movant is entitled to intervene in a lawsuit if the movant can establish that "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action . . . ; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." *Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (quotation marks omitted) (quoting Fed. R. Civ. P. 24(a)(2)). A putative intervenor's interest must "be direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96–97 (2d Cir. 1990). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Ibid.* (citation omitted). An interest is likewise insufficient under Rule 24 when it is asserted "as a means to inject collateral issues into an existing action." *Ibid.*

Meadows is not entitled to intervene as a plaintiff in this action because she has failed to assert a sufficient interest under Rule 24(a). Meadows argues that in both this action and the

4

*Meadows* Western District action, "NYS [child protective services] agencies' abuse and overreach of power are the core issue." Mot. to Intervene 6. However, this action is brought against the City of New York based on the alleged actions of ACS, an agency that exclusively operates within New York City. Meadows, who does not live in New York City, has not been and is not at risk of becoming subject to an ACS investigation. Rather, Meadows alleges unlawful conduct by ECDSS, a different agency in a different part of New York State. Moreover, the two actions involve fundamentally different claims. In this action, plaintiffs allege that New York City's ACS has a custom and practice of performing unlawful searches and utilizing coercive tactics in violation of the Fourth Amendment. *See* Compl. ¶¶ 19, 73. Meadows does not allege that she has been subjected to an unlawful home search with coercive tactics by ACS or any other agency. Therefore, Meadows lacks a "direct, substantial, and legally protectable" interest in plaintiffs' action, *Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014) (citation and internal quotations omitted), and her intervention would only "inject collateral issues into an existing action," *Wash. Elec. Coop., Inc.*, 922 F.2d at 97.

Meadows also has not established that the disposition of this action would impair her ability to protect her asserted interest in curtailing "NYS [child protective services] agencies' abuse and overreach of power." Mot. to Intervene 6. Meadows has already filed a separate action against ECDSS in the Western District, and the disposition of this case will not prevent Meadows from continuing to seek relief in that litigation. *See, e.g.*, *Wash. Elec. Coop., Inc.*, 922 F.2d at 98 ("Disposition of the instant proceeding without the participation of [putative intervenor] . . . will not operate to bar under the doctrines of *res judicata* or collateral estoppel any future attempts by [putative intervenor] to pursue these concerns."). Therefore, Meadows's motion to intervene as of right is denied.

5

**B.     Permissive Intervention**

Rule 24(b) permits intervention by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Permissive intervention is wholly discretionary with the trial court." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).  In deciding whether to permit intervention, courts must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  "The court may consider other relevant factors, including (1) the nature and extent of the [putative] intervenor's interests; (2) whether the existing parties adequately represent those interests; and (3) whether allowing intervention would significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Tymoshenko v. Firtash*, No. 11-CV-2794 (RJS), 2011 WL 5059180, at *3 (S.D.N.Y. Oct. 19, 2011) (quoting *U.S. Postal Serv.*, 579 F.2d at 191) (alterations adopted and citations and quotation marks omitted).  Courts therefore "consider[] substantially the same factors whether the claim for intervention is 'of right' under [Rule] 24(a)(2), or 'permissive' under [Rule] 24(b)(2)." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006); *see Floyd*, 770 F.3d at 1062 (upholding denial of permissive intervention where putative intervenor failed to satisfy the requirements for intervention as of right).

Meadows's motion for permissive intervention fails for the same reason as her motion for intervention as of right—she has not asserted a cognizable interest that may be impaired by the disposition of this action.  Moreover, permitting Meadows to intervene "would unduly complicate and . . . delay the litigation" by "introduc[ing] new issues of law while not contributing to the development of the factual records related to the current parties' dispute." *Tymoshenko*, 2011 WL 5059180, at *3 (citation omitted).  Therefore, Meadows's motion to for permissive intervention is denied.

## II. Meadows's Motion for Joinder Is Denied.

In the alternative, Meadows moves for joinder. However, Meadows does not meet the requirements for required joinder of an absent party under Federal Rule of Civil Procedure 19 or permissive joinder under Federal Rule of Civil Procedure 20. Accordingly, Meadows's motion for joinder is denied.

### A. Joinder of an Absent Party

Rule 19(a)(1) defines the parties who are "necessary" to an action. *Jonesfilm v. Lions Gate Int'l*, 299 F.3d 134, 139 (2d Cir. 2002). It provides that an absent party "must be joined" if either of two conditions is satisfied. Fed. R. Civ. P. 19(a)(1). First, a party must be joined if "in that person's absence, the court cannot accord relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "[C]omplete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Arkwright-Boston Mfrs. Mut. Ins. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985) (quoting 3A James W. Moore, Moore's Federal Practice ¶ 19.07–1[1], at 19-96 (2d ed. 1984)). Second, a party must also be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

Meadows is not a necessary party, as neither of the conditions that would require joinder under Rule 19 are present. First, the absence of Meadows from this case would in no way prevent the Court from granting complete relief among plaintiffs and defendant. Second, Meadows has not sufficiently "claim[ed]" an interest related to the current litigation that would require joinder. Fed. R. Civ. P. 19(a)(1)(B). Rule 19(a)(1)(B) and Rule 24(a)(2) "contain overlapping language"

7

and "are intended to mirror each other." *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389–90 (2d Cir. 2006). Thus, for the same reasons that Meadows fails to assert a sufficient interest for intervention as of right under Rule 24(a), Meadows is not a necessary party under Rule 19(a)(1)(B).

### B. Permissive Joinder

Rule 20 permits joinder of persons as plaintiffs in one action if "(A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a); *see also Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 520 (2d Cir. 2020) ("[J]oinder under Rule 20 requires, in addition to a common question of law or fact, that the plaintiffs assert a right to relief arising from the same transaction or occurrence.") (alterations adopted and citations and quotation marks omitted).

Meadows does not assert a right to relief arising from the same transaction or occurrences complained of in this action. As described above, Meadows does not allege that she was subjected to any home search or coercive tactic by New York City's ACS, but rather requests relief based on occurrences in Erie County involving an Erie County agency. Accordingly, Meadows does not meet the requirements for permissive joinder under Rule 20.

### CONCLUSION

For the reasons stated above, Meadows's motion to intervene or for joinder is denied.

SO ORDERED.

                                        */s/ Rachel Kovner*
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: August 22, 2024
       Brooklyn, New York